KEVIN H. SCOTT (SBN 274605)
Kevin.Scott@halpernmay.com
DEAN B. SHAFFER (SBN 346595)
Dean.Shaffer@halpernmay.com
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071-2680
Telephone: (213) 402-1900

Attorneys for Defendant
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KONOPISOS and TARA NORRIS, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, a public agency; PETER HOMSEY, an individual; VALERIE TOMASOVIC, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 2:25-cv-05683 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a)** <br><br> **(FEDERAL QUESTION JURISDICTION)** <br><br> Action Filed:    April 25, 2025 <br> Trial Date:    None |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT ("AQMD" or "Defendant"), hereby removes the action titled *Jason Konopisos et al. v. South Coast Air Quality Management District et al.*, Case No. 25STCV12152, from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446. This removal is based upon the Court's original jurisdiction of civil actions arising under the Constitution and laws of the United States.

In support of this Notice of Removal, Defendant respectfully alleges as follows:

1. This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action arising under the Constitution, laws, or treaties of the United States.

2. On or about April 25, 2025, Plaintiffs JASON KONOPOSIS and TARA NORRIS ("Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Los Angeles, by filing a complaint captioned *Jason Konopisos et al. v. South Coast Air Quality Management District et al.*, designated as Case No. 25STCV12152 (the "State Court Action"), naming as defendants AQMD, Peter Homsey, and Valerie Tomasovic (collectively, "Defendants"). True and correct copies of all filings in the State Court Action—including all pleadings served on Defendant—are attached hereto as **Exhibit 1**.

3. **Timeliness**. The Summons and the Complaint were served on AQMD by personal service on May 23, 2025. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b) because Defendant has removed this action within 30 days of service of the Complaint.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

4.      **Jurisdiction: Federal Question**. This Court has jurisdiction over federal claims in this matter pursuant to 28 U.S.C. § 1331.

5.      **Jurisdiction: Supplemental Jurisdiction**. The Court has jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367.

6.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The First Cause of Action alleged in the Complaint, entitled, "Violation of Civil Rights – 42 U.S.C. § 1983: Denial of Due Process and Retaliation." Plaintiffs allege that Defendants' alleged conduct "deprived Plaintiffs of their constitutional rights secured by the First and Fourteenth Amendments to the United States Constitution," and that the claim arises under federal statutes, namely 42 U.S.C. §§ 1983 and 1988. Such claims "aris[e] under the Constitution, laws, or treaties of the United States," establishing this Court's jurisdiction. *See, e.g., Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 197 n.5 (2019) (no need to consider "novel" argument in favor of federal jurisdiction where claim can be brought under 28 U.S.C. § 1983).

7.      Under 28 U.S.C. § 1367(a), subject to certain exceptions inapplicable here, "in any civil actions of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims form part of the same case or controversy where they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Arroyo v. Rosas*, 19 F.4th 1202, 1209–10 (9th Cir. 2021). Plaintiffs' state law claims, for negligence, breach of the California Public Records Act and California's health and safety regulations, retaliation in violation of public policy, and intentional infliction of emotional distress, on the one hand, and Plaintiffs' federal Section

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

1983 claim, on the other, arise from the same common nucleus of operative fact: Defendants' alleged interactions with Plaintiffs surrounding asbestos testing at Plaintiffs' apartment. *See, generally,* Complaint, Ex. 1 at 3–6. Accordingly, because Plaintiffs' state law claims and federal claim "form part of the same case or controversy under Article III of the United States Constitution," the Court has supplemental jurisdiction over those state law claims.

8. Intradistrict Assignment. Pursuant to 28 U.S.C. § 1441(a), this Notice of Removal is being filed in the United States District Court, Central District of California, given that the State Court Action is currently pending in the Superior Court of the State of California, County of Los Angeles.

9. Pursuant to 28 U.S.C. § 1446(b)(2), where (as here) a civil action is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Where a removing defendant's notice of removal is signed by it counsel and certifies that the remaining defendants consent to removal, the removing defendant establishes unanimous counsent among the served defendants for the purposes of Section 1446(b)(2). *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224–25 (9th Cir. 2009).

10. The Complaint names three defendants: 1) AQMD; 2) Peter Homsey; and 3) Valerie Tomasovic. Plaintiffs purport to have served Peter Homsey and Valerie Tomasovic on May 23, 2025, by substituted service.

11. As to Ms. Tomasovic, Plaintiffs allege that she is AQMD's "Legal Counsel," Complaint, Ex. 1 at 2–4, and purport to have served Ms. Tomasovic by leaving a copy of the summons and complaint at AQMD's office at 21865 Copley Drive, Diamond Bar, CA 91765. *See* Tomasovic Certificate of Service, Ex. 1 at 29–31. Valerie Tomasovic has not been properly served within the meaning of 28 U.S.C. § 1446(b)(2) because no such person works for AQMD, either at that office or elsewhere. AQMD does have a legal counsel named Brian Tomasovic. While

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

Mr. Tomasovic has not been properly joined or served, undersigned counsel represents to the Court under Fed. R. Civ. P. 11(b) that: 1) undersigned counsel has been retained to represent Mr. Tomasovic in connection with this matter; and 2) Mr. Tomasovic consents to this removal.

12.     Undersigned counsel represents to the Court under Fed. R. Civ. P. 11(b) that: 1) undersigned counsel has been retained to represent Mr. Homsey in connection with this matter; and 2) Mr. Homsey consents to this removal.

13.     A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles and served upon counsel in accordance with 28 U.S.C. § 1446(d).

14.     By removing this action, Defendant does not waive and hereby reserve the right to assert all applicable defenses to the Complaint, including but not limited to challenges to service of process.

WHEREFORE, Defendant hereby removes the action titled *Jason Konopisos et al. v. South Coast Air Quality Management District et al.*, Los Angeles Superior Court Case No. 25STCV12152, from the Superior Court of the State of California, County of Los Angeles, for further proceedings.

DATED: June 23, 2025          HALPERN MAY YBARRA GELBERG LLP


By:          */s/ Kevin H. Scott*
            KEVIN H. SCOTT

*Attorneys for Defendant SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT*



**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**