KEVIN H. SCOTT (SBN 274605)
Kevin.Scott@halpernmay.com
DEAN B. SHAFFER (SBN 346595)
Dean.Shaffer@halpernmay.com
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071-2680
Telephone: (213) 402-1900

Attorneys for Defendants
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT and PETER
HOMSEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KONOPISOS and TARA NORRIS, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, a public agency; PETER HOMSEY, an individual; VALERIE TOMASOVIC, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:25-cv-05683 MCS (JPRx)<br><br>**DEFENDANTS SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT AND PETER HOMSEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>*[Declaration of Dean B. Shaffer; and [Proposed Order] filed concurrently herewith]*<br><br>DATE:          September 22, 2025<br>TIME:          9:00 a.m.<br>PLACE:        Courtroom 7C<br><br>Action Filed:     April 25, 2025<br>Trial Date:        None |

Halpern
May
Ybarra
Gelberg

**MOTION TO DISMISS COMPLAINT**

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on September 22, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, located at 350 W. 1st Street, Courtroom 7C, Los Angeles, California 90012, Defendants SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and PETER HOMSEY ("Defendants") will and hereby does move to dismiss the Complaint filed by Plaintiffs JASON KONOPISOS and TARA NORRIS ("Plaintiffs") for failure to state claims upon which relief can be granted ("Motion").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based on the grounds set forth in the accompanying Memorandum of Points and Authorities in support, including but not limited to Federal Rules of Civil Procedure 8 and 9, as well as the California Tort Claims Act.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Declaration of Dean B. Shaffer, the reply brief, and upon such oral and documentary evidence and argument as may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 23, 2025.

DATED: August 8, 2025          HALPERN MAY YBARRA GELBERG LLP


By:          /s/ Kevin H. Scott
          KEVIN H. SCOTT

*Attorneys for Defendants SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and PETER HOMSEY*

2
**MOTION TO DISMISS COMPLAINT**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................9

II.     THE COMPLAINT ...............................................................................................9

III.    ARGUMENT ......................................................................................................11

    A.      The Complaint Fails to Allege Facts Sufficient to
    Support a Section 1983 Claim ...................................................12

        1.      Plaintiffs Fail to Allege the Deprivation of a
        Federally Protected Right ..................................................12

        2.      Plaintiffs Fail to Allege That an AQMD Policy
        Resulted in a Deprivation of Their Rights..............................14

        3.      Qualified Immunity (Individuals)........................................15

    B.      Plaintiffs' Complaint Fails to Allege Facts to Support the
    Elements of a Negligence Claim.........................................................16

    C.      Plaintiffs' Third Cause of Action Fails................................................18

        1.      Plaintiffs Fail to State a Claim for Damages Under
        the Public Records Act ......................................................18

        2.      Plaintiffs Fail to State a Claim Under the
        California Health and Safety Code.........................................19

    D.      Plaintiffs Fail to State a Claim for an Unlawful
    Employment Practice Under Cal. Gov't Code § 12940(h)................19

    E.      Plaintiffs Fail to State a Claim for Intentional Infliction
    of Emotional Distress.........................................................................20

    F.      A Host of Other Doctrines and Immunities Require
    Dismissal.............................................................................................21

        1.      Plaintiffs Fail to Allege Compliance with the
        California Tort Claims Act ..................................................21

        2.      Defendants Are Immune from Liability for Injuries
        Allegedly Caused by the Inspection of Plaintiffs'
        Property.............................................................................23

**MOTION TO DISMISS COMPLAINT**

G.    The California Tort Claims Act Immunizes AQMD Against Direct Monetary Liability for Plaintiffs' Second, Third, and Fifth Causes of Action ......................................................24

  1.    The California Tort Claims Act Immunizes Defendants Against Liability for Discretionary Acts   ..................................................................................25

  2.    Plaintiffs Fail to State a Claim Based on Alleged Misrepresentations...............................................................25

IV.    CONCLUSION .................................................................................26

Halpern
May
Ybarra
Gelberg

4

**MOTION TO DISMISS COMPLAINT**

## TABLE OF AUTHORITIES

*Cases*

*A.M. v. Ventura Unified Sch. Dist.*,
 3 Cal. App. 5th 1252 (2016)..................................................................21

*Anderson v. Creighton*,
 483 U.S. 635 (1987) .............................................................................15

*Anderson-Barker v. Super. Ct.*,
 31 Cal. App. 5th 528 (2019)..................................................................19

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .............................................................................11

*Bailey v. San Francisco Dist. Attorney's Off.*,
 16 Cal. 5th 611 (2024)..........................................................................20

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988)................................................................11

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ........................................................................passim

*Betts v. Mendivil*,
 Case No. 3:23-cv-00907-LL-BGS, 2024 WL 1521574 (S.D. Cal.
 Apr. 8, 2024) ........................................................................................14

*Bratt v. Love Stories TV, Inc.*,
 713 F. Supp. 3d 847 (S.D. Cal. 2024)...................................................19

*Brodheim v. Cry*,
 584 F.3d 1262 (9th Cir. 2009)...............................................................14

*Brooks v. Vallejo City Unified Sch. Dist.*,
 No. 2:12-cv-1466-GEB-EFB PS, 2013 WL 943460 (E.D. Cal.
 Mar. 11, 2013) ......................................................................................18

*City of Canton v. Harris*,
 489 U.S. 378 (1989) .............................................................................15

*Creighton v. City of Livingston*,
 628 F. Supp. 2d 1199 (E.D. Cal. 2009).................................................22

*Engquist v. Or. Dep't of Agric.*,
 553 U.S. 591 (2008) .............................................................................14

**MOTION TO DISMISS COMPLAINT**

Halpern
May
Ybarra
Gelberg

*Faulkner v. ADT Sec. Servs., Inc.*,
    706 F.3d 1017 (9th Cir. 2013)..................................................................11

*Friedman v. Specialized Loan Servicing, LLC*,
    No. 2:23-cv-06418-SVW-KS, 2024 WL 1680093 (C.D. Cal.
    Feb. 13, 2024)..........................................................................................19

*Gerhart v. Lake County, Mont.*,
    637 F.3d 1013 (9th Cir. 2011)..................................................................14

*Hydrick v. Hunter*,
    500 F.3d 978 (9th Cir. 2007)....................................................................16

*Leer v. Murphy*,
    844 F.2d 628 (9th Cir. 1988)....................................................................12

*Lockhart v. Cnty. of Los Angeles*,
    No. CV 07-1680 ABC (PJWx), 2007 WL 9627609 (C.D. Cal.
    Oct. 16, 2007)..........................................................................................26

*Mason v. Arizona*,
    260 F. Supp. 2d 807 (D. Ariz. 2003).......................................................15

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) .................................................................................15

*Monell v. Dep't of Social Servs. of the City of New York*,
    436 U.S. 658 (1978) ......................................................................12, 14, 15

*Oviatt v. Pearce*,
    954 F.2d 1470 (9th Cir. 1992)..................................................................15

*Patten v. Deschamps*,
    No. CV 18-1869-VAP (GJS), 2018 WL 6307894 (C.D. Cal. Aug.
    23, 2018)...................................................................................................13

*Peredia v. HR Mobile Servs., Inc.*,
    25 Cal. App. 5th 680 (2018).....................................................................16

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 (1993)...............................................................................20

*Rivera v. Peri & Sons Farms, Inc.*,
    735 F.3d 892 (9th Cir. 2013)....................................................................12

*Rizzo v. Dawson*,
    778 F.2d 527 (9th Cir. 1985)....................................................................14

Halpern
May
Ybarra
Gelberg

6

**MOTION TO DISMISS COMPLAINT**

*San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*,
    213 Cal. App. 4th 418 (2013)................................................................25

*Schreiner v. Lockheed Martin Corp.*,
    No. CV 14-02847 BRO (SSx), 2014 WL 12770398 (C.D. Cal.
    June 9, 2014) ........................................................................................20

*Shirk v. Vista Unified Sch. Dist.*,
    42 Cal. 4th 201 (2007)..........................................................................21

*State v. Super. Ct. (Bodde)*,
    32 Cal. 4th 1234 (2004).........................................................................22

*Sweaney v. Ada Cnty.*,
    119 F.3d 1385 (9th Cir. 1997)...............................................................16

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ..............................................................................11

*Van Horn v. Hornbeak*,
    No. CV F 08-1622 LJO DLB, 2009 WL 413725 (E.D. Cal. Feb.
    18, 2009)..........................................................................................20, 21

*West v. Atkins*,
    487 U.S. 42 (1988) ...............................................................................12

**Statutes**

42 U.S.C. § 1983................................................................10, 12, 14, 15

Cal. Gov't Code § 815 ............................................................................25

Cal. Gov't Code § 815.2......................................................................23, 25

Cal. Gov't Code § 818.6......................................................................23, 24

Cal. Gov't Code § 820.2.........................................................................25

Cal. Gov't Code § 821.4......................................................................23, 24

Cal. Gov't Code § 822.2......................................................................25, 26

Cal. Gov't Code § 905 ............................................................................21

Cal. Gov't Code § 911.2..........................................................................22

Cal. Gov't Code § 911.6..........................................................................22

Cal. Gov't Code § 915 ............................................................................22

7

**MOTION TO DISMISS COMPLAINT**

Halpern
May
Ybarra
Gelberg

Cal. Gov't Code § 940.4 ........................................................................................22

Cal. Gov't Code § 945.4 ........................................................................................21

Cal. Gov't Code § 950.2 ........................................................................................21

Cal. Gov't Code § 7923.100 ...................................................................................18

Cal. Gov't Code § 12940 ............................................................................10, 19, 20

*Rules*

Fed. R. Civ. P. 8 ...................................................................................................11

Fed. R. Civ. P. 9 .............................................................................................10, 26

Fed. R. Civ. P. 12 .................................................................................................10

**MOTION TO DISMISS COMPLAINT**

Halpern
May
Ybarra
Gelberg

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Jason Konopisos and Tara Norris ("Plaintiffs") filed this action against defendants South Coast Air Quality Management District ("AQMD"), Peter Homsey (together with AQMD, "Defendants"), and Valerie Tomasovic alleging various self-contradictory claims stemming from Defendants' inspection of Plaintiffs' residence for asbestos hazards. Plaintiffs' Complaint is largely devoid of factual content, leaving their theories totally inscrutable. But to the extent Defendants can understand these vague claims, they appear to rest on allegations that Defendants improperly inspected the property, apparently failing to identify an existing asbestos hazard. Yet despite this alleged hazard and the allegation that Defendants negligently failed to identify it, Plaintiffs complain that Defendants instructed them to leave the dangerous property, and allege that *Defendants*, not Plaintiffs' landlord or the asbestos hazard itself, caused Plaintiffs to incur the costs that arose when Plaintiffs left the property.

Plaintiffs' Complaint fails to allege facts pushing their claims across the line into plausibility, ignores a host of applicable immunities available to government defendants, and asserts claims that collapse under their own contradictions. Respectfully, the Complaint should be dismissed.

## II.    THE COMPLAINT

Plaintiffs filed their Complaint in this action in state court on April 25, 2025. The Complaint contains six paragraphs of "Factual Background," which are reproduced in full below:

> 12. In October 2023, Defendant Peter Homsey instructed Plaintiffs to vacate their rent-controlled apartment due to hazardous asbestos disturbance caused by landlord construction. Homsey assured enforcement action would follow, including a stop-work order.

9

**MOTION TO DISMISS COMPLAINT**

13.  However, Homsey later contradicted himself, denied issuing such orders, and refused to provide documentation. This failure to act, paired with obstruction and retaliation, initiated a cascade of harm.

14.  From October 2023 through April 2024, Plaintiffs were denied entry to their home, forced to pay rent, and AQMD staff met with the landlord while withholding documentation.

15.  In March 2024, under threat of subpoena, Homsey issued a statement that lab tests were negative. Contradictory lab results and documentation show delayed testing and withholding of reports.

16.  Legal Counsel Tomasovic misrepresented documentation and refused inspection access. Inspector Velasquez acknowledged failures, but no corrective actions were taken.

17.  A confidential source confirmed AQMD and [the Los Angeles Housing Department] coordinated to obstruct Plaintiffs' rights. Plaintiffs incurred over $28,000 in housing costs, lost rent control, and experienced severe mental distress.

These allegations—barebones when they are not wholly conclusory—allegedly support five causes of action, which Plaintiffs plead without any further facts: 1) A 42 U.S.C. § 1983 ("Section 1983") claim based on alleged denial of due process and retaliation; 2) Negligence; 3) Breach of Statutory Duties based on alleged violation of the Public Records Act and unspecified "Health & Safety Regulations"; 4) Retaliation under California Government Code § 12940(h); and 5) Intentional Infliction of Emotional Distress.

The Complaint fails to state a claim for any of those five causes of action, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) and 9(b).

10

**MOTION TO DISMISS COMPLAINT**

## III.   <u>ARGUMENT</u>

The federal pleading standard applies to claims in an action removed from state court, notwithstanding that the claims were initially filed in a jurisdiction with a different pleading standard. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013). To survive a motion to dismiss under the federal pleading standard, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (cleaned up). Accordingly, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Where a cognizable legal theory is alleged, the plaintiff must still allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient to satisfy this burden and survive a motion to dismiss. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Instead, the pleading must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). Accordingly, "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664. Where a plaintiff's claim rests on a theory of conspiracy, it is not enough to allege "parallel conduct that could just as well be independent action"; the allegations must instead "be placed in a context that raises a suggestion of a preceding agreement." *Twombly*, 550 U.S. at 556–57. A court may also dismiss a claim under Rule 12(b)(6)

**MOTION TO DISMISS COMPLAINT**

based on an affirmative defense when that defense is "apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

The Complaint fails to allege facts sufficient to support any of its claims; it fails to state a cognizable theory in support of its claim for breach of statutory duties; and it alleges facts that establish Defendants' immunity from Plaintiffs' state law claims for damages. The Complaint accordingly fails to state a claim upon which relief can be granted, and should be dismissed.

## A. The Complaint Fails to Allege Facts Sufficient to Support a Section 1983 Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because that statute only applies where the defendant's conduct caused the deprivation, a claim against a government entity based on the conduct of that entity's employee requires allegations that the employee's offending conduct was in "execution of [the entity's] policy or custom." *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). The Complaint fails to allege either the violation of a federal right or that the right was violated as a result of an AQMD policy or custom.

### 1. Plaintiffs Fail to Allege the Deprivation of a Federally Protected Right

A Section 1983 claim has two essential elements: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Plaintiffs purport to have been deprived of their constitutional rights to petition the government for redress, to due process of law, and to equal protection under the law, Compl. ¶ 19, but they offer no facts to support any of these theories.

12

**MOTION TO DISMISS COMPLAINT**

All three theories appear to rest on allegations that Defendants retaliated against Plaintiffs for Plaintiffs' alleged "exercis[e] [of] their right to report unlawful asbestos handling, tenant harassment, and violations of public health and housing codes." Compl. ¶ 20.  It is unclear what this means, and Plaintiffs allege no facts at all to establish that they exercised any kind of petitioning rights: the Complaint is totally silent about whom they allegedly petitioned, what they said, or any other nonconclusory factual matter that would support the first element of this claim. *See, e.g., Patten v. Deschamps*, No. CV 18-1869-VAP (GJS), 2018 WL 6307894, at *2 n.2 (C.D. Cal. Aug. 23, 2018) ("abstract reference to the right to seek redress ..., without specifying any act or intended act … that would implicate [plaintiff's] actual or intended exercise of that right, is inadequate to plead a First Amendment/retaliation claim").

The second element is similarly lacking any factual basis.  Plaintiffs allege that they were retaliated against in the form of Defendants' "denying access to public records, falsifying inspection reports, coordinating with other agencies to conceal hazards, and interfering with Plaintiffs' housing rights." *Id.* ¶ 21.  As to records, they do not specify what records they are talking about, why they claim to have had a right to them, or what Defendants did to deny Plaintiffs access to those records. Plaintiffs similarly allege nothing to support the conclusory assertion that Defendants conspired with "other agencies to conceal hazards" in violation of Plaintiffs' rights beyond the equally conclusory reformulation that "AQMD and LAHD coordinated to obstruct Plaintiffs' rights." Compl. ¶¶ 17, 21.  Which agencies beyond LAHD? What hazards were concealed and how and by whom?  Notice pleading is a lenient standard but this Complaint falls far short even of that benchmark, as it is simply impossible from reading the Complaint to tell what Defendants are alleged to have done wrong.  *See also Twombly*, 550 U.S. at 556–57 (allegations of conspiracy must "be placed in a context that raises a suggestion of a preceding agreement").



**MOTION TO DISMISS COMPLAINT**

Nor still have Plaintiffs alleged facts that would link the two elements together by demonstrating that Defendants acted with a retaliatory motive. *See, e.g., Betts v. Mendivil*, Case No. 3:23-cv-00907-LL-BGS, 2024 WL 1521574, at *6 (S.D. Cal. Apr. 8, 2024) (Section 1983 plaintiff alleging retaliation "must allege that his protected conduct was the substantial or motivating factor behind the defendant's conduct") (cleaned up) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009)); *see also Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985) ("bare allegations" of retaliatory motive insufficient to support retaliation claim).

The Plaintiffs' equal protection theory fails on another independent ground: a plaintiff relying on his right to equal protection must allege either that he has suffered class-based discrimination or that he has been "irrationally singled out as a so-called 'class of one.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). Plaintiffs here allege no membership in any class, but neither do they allege facts to support a "class of one" (or, in this case, two) claim. Such claims require a plaintiff to allege facts that, if accepted as true, would establish that the defendant: "(1) intentionally (2) treated [the plaintiff] differently than other similarly situated [individuals], (3) without a rational basis." *Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiffs' allegations identify no similarly situated individuals, and no differential treatment, much less facts suggesting that such differential treatment was intentional. Absent those allegations, Plainiffs' due process theory cannot survive a motion to dismiss.

## 2. Plaintiffs Fail to Allege That an AQMD Policy Resulted in a Deprivation of Their Rights

The Complaint further fails to state a Section 1983 claim against AQMD because it alleges no acts by AQMD itself—it alleges conduct (albeit vaguely and conclusorily) on the part of AQMD's alleged employees. Under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," *id.* at 694, because § 1983 applies only where the defendant

14

MOTION TO DISMISS COMPLAINT

"subject[s], or causes[s] to be subjected, any person ... to the deprivation of [a federal right.]" *Id.* at 691–92. Accordingly, such liability exists only where "execution of a government's policy or custom ... inflicts the injury." *Id.* at 694. A plaintiff in the Ninth Circuit asserting a Section 1983 claim against a government entity, then, must allege: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the [entity] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (cleaned up) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)).

But Plaintiffs make no such allegation here. The Complaint's only allegations of conduct on the part of AQMD are: 1) the allegation that AQMD employed the other two Defendants; and 2) the conclusory and vague statement that "AQMD and LAHD coordinated to obstruct Plaintiffs' rights." Compl. ¶¶ 7–8, 17. Plaintiffs allege no policy, no facts indicating that a policy amounts to deliberate indifference to Plaintiffs' rights, and no causation running from any such policy to an alleged constitutional violation. Absent such allegations, Plaintiffs fail to state a Section 1983 claim against AQMD.

### 3. Qualified Immunity (Individuals)

"[G]overnment officials performing discretionary functions [have] a qualified immunity, [which] shield[s] them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Unlike other affirmative defenses, qualified immunity is immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, "after [a] defendant properly raises the defense of qualified immunity" by asserting it in a motion to dismiss, "the plaintiff initially bears the burden of showing the violation of a clearly established federal right." *Mason v. Arizona*, 260 F. Supp. 2d 807, 823–24 (D. Ariz. 2003) (cleaned up)

Halpern May Ybarra Gelberg

(citing *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1388 (9th Cir. 1997)); *see also Hydrick v. Hunter*, 500 F.3d 978, 992 (9th Cir. 2007) (affirming dismissal under Rule 12(b)(6) of Section 1983 claim on qualified immunity ground), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009).

Here, Plaintiffs allege that Mr. Homsey is an inspector with the AQMD. Compl. ¶ 7. As such, he is entitled to qualified immunity on Plaintiffs' federal claim unless they identify how his conduct violated some clearly established federal right. As detailed above, the Section 1983 claim does not even satisfy notice pleading; it falls even farther short of overcoming Mr Homsey's qualified immunity.

**B.     Plaintiffs' Complaint Fails to Allege Facts to Support the Elements of a Negligence Claim**

To state a claim for negligence in federal court under California law, a plaintiff must allege facts which, if proven, would establish that the defendant owed the plaintiff a duty to use due care, that the defendant breached that duty, and that the breach proximately caused harm to the plaintiff resulting in damages. *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018). The Complaint fails to allege facts supporting any of these elements.

First, the Complaint claims that Defendants owed Plaintiffs "a duty of care to conduct asbestos inspections competently, to accurately document findings, to enforce air quality regulations, and to protect tenants from known hazards in accordance with state and federal law." Compl. ¶ 25. But the Complaint does not specify the source of these alleged duties; without either facts or statutory citations that would establish the existence of a duty, paragraph 25 of the Complaint is nothing more than a bare legal conclusion that must be disregarded under *Iqbal*.

Second, the Complaint alleges that "Defendants breached their duty by failing to properly investigate hazardous conditions, failing to accurately report the findings, intentionally withholding public information, altering official reports, and refusing to provide reasonable assistance to protect the health and safety of tenants."

16

**MOTION TO DISMISS COMPLAINT**

Compl. ¶ 26. But Plaintiffs do not allege facts suggesting the existence of a hazardous condition: they allege only that there were "[c]ontradictory lab results and documentation [that] show[ed] delayed testing and withholding of reports." *Id*. ¶ 15. They do not allege facts that would, if true, establish that Defendants failed to investigate such a condition: the closest they come is a conclusory allegation that testing was "delayed" by some unstated standard. *Id*. They allege no facts suggesting any withholding of information, much less that such withholding was intentional, or that whatever information was purportedly withheld was information that Plaintiffs had some kind of right to, again relying instead on simple, vague conclusions that "documentation" and "reports" were "withheld," without any allegation at all that those documents were public. *Id*. ¶¶ 13–15.[1] They allege no facts relating to any purported alteration of documents (indeed, their claims appear to rely on the premise that the relevant documentation is accurate). *See id*. ¶¶ 12–17. And they allege no facts suggesting that they requested any "assistance" from Defendants, that Defendants were somehow obligated to provide whatever assistance they are referring to, or that Defendants refused such assistance. *See id.*

The Complaint also fails to allege facts suggesting that these alleged breaches caused Plaintiffs' alleged "financial losses, emotional distress, displacement from their rent-controlled residence, increased living expenses, and mental suffering." *Id*. ¶ 27. To the extent Defendants can understand the Complaint, it appears to allege that Mr. Homsey first instructed Plaintiffs to exit their residence, then later denied having done so, and then issued a statement that lab tests from the residence were negative. Compl. ¶ 13-15. Using the passive voice, the Complaint complains that

---

[1] Plaintiffs' allegations as to Valerie Tomasovic, while similarly phrased, are irrelevant to this motion, as Ms. Tomasovic is not a movant and has not been served (indeed, she does not appear to exist). *See* Notice of Removal, ECF No. 1, ¶¶ 10–11.



17

**MOTION TO DISMISS COMPLAINT**

they were "denied entry to their home [and] forced to pay rent." Compl. ¶ 14. Respectfully, none of that makes any sense. If Mr. Homsey denied issuing an instruction for Plaintiffs to leave their residence and said that lab tests were negative, then how could his conduct have denied Plaintiffs access to their home?

To the contrary, Plaintiffs' theory appears to be that their residence was unsafe, and Mr. Homsey somehow inappropriately reached the opposite conclusion. *See id.* ¶¶ 15, 26 (alleging lab results "contradictory" to statement that lab tests were negative and alleging failure to "protect the health and safety" of Plaintiffs). Had Defendants consistently informed Plaintiffs that the residence was unsafe, as Plaintiffs seem to suggest was the correct course of action, Plaintiffs *still* would have suffered the alleged losses as a result of moving out of their rent-controlled (but apparently unsafe) residence. The conditions in their residence, not any conduct on Defendants' part, caused Plaintiffs' alleged harms. Either way (and, again, it is impossible to tell from the Complaint what Plaintiffs are trying to allege), there are no facts that would support a finding of causation.

### C.    Plaintiffs' Third Cause of Action Fails

Plaintiffs' Third Cause of Action – Breach of Statutory Duties – asserts that Defendants have violated duties owed under the Public Records Act and the Health and Safety Code. Neither allegation is adqueately pled.

#### 1.    Plaintiffs Fail to State a Claim for Damages Under the Public Records Act

The Complaint also fails to state a claim under the Public Records Act. As an initial matter, while the Complaint seeks both damages and injunctive relief under that Act, the Public Records Act does not provide for a private damages claim. *See e.g., Brooks v. Vallejo City Unified Sch. Dist.*, No. 2:12-cv-1466-GEB-EFB PS, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013); Cal. Gov't Code § 7923.100 *et seq.*

Moreover, the Complaint fails to explain what kind of injunction they are seeking or plead facts necessary to a claim for injunctive relief.



**MOTION TO DISMISS COMPLAINT**

The duty to disclose a record under the Public Records Act "applies only when the petitioner has satisfied [two] elements": first, showing that the record meets the statutory definition of a "public record"; and second, showing that the agency is in possession of that record. *Anderson-Barker v. Super. Ct.*, 31 Cal. App. 5th 528, 539 (2019). But Plaintiffs' Complaint is silent as to which records they seek, insisting only that Defendants have failed to provide "documentation," "reports," "public records," and "public documents." Compl. ¶¶ 14–15, 21, 31. These vague and conclusory allegations fail not only to support a plausible claim that the particular documents are public records falling within the Public Records Act—they also fail to put Defendants on notice of what documents are at issue.

**2.      Plaintiffs Fail to State a Claim Under the California Health and Safety Code**

The Complaint's claim under the California Health and Safety Code fails, as well. When seeking relief under a statute, a plaintiff must identify the specific statute that the plaintiff claims was violated. *See, e.g., Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847, 864 (S.D. Cal. 2024); *Friedman v. Specialized Loan Servicing, LLC*, No. 2:23-cv-06418-SVW-KS, 2024 WL 1680093, at *1 (C.D. Cal. Feb. 13, 2024). Absent such an identification, neither Defendants nor the Court can evaluate whether the claim has been properly pled. Here, Plaintiffs merely point generally to the California Health and Safety Code, a broad portion of the California Code rather than specific statutes. Absent identification of the statutes Plaintiffs allege Defendants have violated, Plaintiffs cannot state a claim under those statutes, and so the claim should be dismissed.

**D.      Plaintiffs Fail to State a Claim for an Unlawful Employment Practice Under Cal. Gov't Code § 12940(h)**

Plaintiffs' Fourth Cause of Action, under California Government Code § 12940(h), fails because Plaintiffs do not allege that they are or were in an employment relationship with any Defendant. That statue, part of the Fair



19

Employment and Housing Act, relates to "unlawful employment practice[s]." The California Supreme Court has held that its discrimination provision "refers to and encompasses ... adverse employment actions." *Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 637 (2024). Because the Complaint contains no allegation that Plaintiffs had any actual or potential employment relationship with any Defendant, they fail to allege that California Government Code § 12940(h) applies. Plaintiffs' Fourth Cause of Action should be dismissed.

### E.  Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress

The Complaint fails to allege facts that would support a claim for intentional infliction of emotional distress under California law. To state such a claim, a plaintiff must allege, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (cleaned up). This element requires that the plaintiff allege facts which, if true, would show that the defendant's conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (cleaned up). Courts may dismiss a claim for intentional infliction of emotional distress where the conduct alleged is not sufficiently extreme to support such a claim. *See, e.g., Van Horn v. Hornbeak*, No. CV F 08-1622 LJO DLB, 2009 WL 413725, at *5, *8 (E.D. Cal. Feb. 18, 2009) (dismissing claim for failure to allege sufficiently extreme conduct); *Schreiner v. Lockheed Martin Corp.*, No. CV 14-02847 BRO (SSx), 2014 WL 12770398, at *6 (C.D. Cal. June 9, 2014) (same).

Plaintiffs have not alleged extreme conduct here. To the extent they allege facts at all, they allege that Defendants instructed Plaintiffs to vacate their apartment while asbestos testing was being conducted, then informed Plaintiffs that the tests were negative. Compl. ¶¶ 12–13. In short, they allege a mistake. *See VanHorn*, 2009 WL 413725, at *3 (negligent medical treatment not sufficiently extreme to

Halpern May Ybarra Gelberg

support claim for intentional infliction of emotional distress).  They try to augment these allegations by asserting that Defendants "withh[eld] critical information, retaliat[ed] against protected complaints, and obstruct(ed) Plaintiffs' access to safe housing," Compl. ¶ 41, but as discussed above, the first two of these are too vague and conclusory to consider on a motion to dismiss, while the third merely underscores the gravity of the mistake, rather than shedding light on the nature of the conduct.  *See VanHorn*, 2009 WL 413725, at *7 (allegations that doctor's failure to test infant for disease resulted in infant's death "confuse[d] *the results of the alleged wrongful conduct ... with the actual conduct itself*").

Having failed to allege facts that would, if proven, show outrageous conduct, Plaintiffs fail to meet the *Twombly* standard for their Fifth Cause of Action.

### F.     A Host of Other Doctrines and Immunities Require Dismissal

Though the Court need not address these issues given the grave pleadings deficiencies identified above (and, indeed, it might be challenging to assess whether certain immunities apply given how factually thin the Complaint is), a host of immunity doctrines would also require dismissal.

#### 1.     Plaintiffs Fail to Allege Compliance with the California Tort Claims Act

California's Tort Claims Act requires (with limited and inapplicable exceptions) claimants for "money or damages" against local public entities, or against public employees acting within the scope of that employment, be presented to the entity.  Cal. Gov't Code §§ 905, 950.2.  Absent timely presentation of the claim and the entity's actual or constructive denial of that claim, "no suit for money or damages may be brought" against the entity or employee.  Cal. Gov't Code §§ 945.4, 950.2.  Timely presentation is an "element of the plaintiff's cause of action."  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007), *superseded by statute on other grounds as stated in A.M. v. Ventura Unified Sch. Dist.*, 3 Cal. App. 5th 1252, 1258 (2016).  Accordingly, a failure to plead facts establishing

Halpern May Ybarra Gelberg

compliance with the Tort Claims Act's presentation requirement is grounds for dismissal. *See State v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1243 (2004); *see also, e.g., Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009). As with any other element, bare legal conclusions will not do: the plaintiff must allege *facts* supporting the conclusion that the plaintiff complied with the Tort Claims Act. *See, e.g., Creighton*, 628 F. Supp. 2d at 1225 (dismissing claim where plaintiff "allege[d] no facts supporting his conclusory assertion that" the claim had been properly presented); *see also Twombly*, 660 U.S. at 555.

Plaintiffs fail to do so here. They allege that AQMD is a local public entity, and that Mr. Homsey "is or was" AQMD's employee. Compl. ¶¶ 6–7; Cal. Gov't Code § 940.4 (defining "[l]ocal public entity" to "include[] a county, city, district, public authority, public agency, and any other political subdivision or public corporation in [California]"). And each of their state law claims seeks money or damages from AQMD and Mr. Homsey, with all allegations against Mr. Homsey relating to acts taken in the scope of his employment as an inspector for AQMD. *See* Compl. ¶¶ 7, 12–15 (alleging acts undertaken by Mr. Homsey in connection with asbestos inspection); *id.* ¶¶ 28, 33, 39, 44 (seeking damages and costs of suit). But Plaintiffs allege no facts supporting their conclusory allegation that "[a] government claim pursuant to Government Code § 900 et seq. was submitted, and either expressly or constructively denied." Compl. ¶ 10. Plaintiffs do not allege facts that, accepted as true, would establish (for example): that the submission was properly made to a proper recipient, *see* Cal. Gov't Code §§ 915 et seq.; that the submission was timely, *see* Cal. Gov't Code § 911.2; or that the claim was denied, *see* Cal. Gov't Code § 911.6.

Absent factual allegations that would, if proven, be sufficient to establish Plaintiffs' conclusory assertions that they "submitted" "[a] government claim pursuant to Government Code § 900 et seq.," and that the claim was "either expressly or constructively denied," Compl. ¶ 10, Plaintiffs fail to "raise a right to relief [on



**MOTION TO DISMISS COMPLAINT**

their state law claims] above the speculative level." *Twombly*, 550 U.S. at 555. Each of those claims accordingly fail to state a claim and should be dismissed.

### 2.   Defendants Are Immune from Liability for Injuries Allegedly Caused by the Inspection of Plaintiffs' Property

Public employees and public entities are immune from liability "for injury caused by [the defendant's] failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property ... for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety." Cal. Gov't Code § 818.6 (public entities); Cal. Gov't Code § 821.4 (public employees).[2] But the Complaint's Second Cause of Action rests on allegations that Defendants breached duties "*to conduct asbestos inspections competently*," "to accurately document findings," "to enforce air quality regulations,", and "to protect tenants from known hazards" uncovered by such inspections.[3] Compl. ¶ 25 (emphasis added). Each of these allegedly breached duties flows from Defendants' inspection of Plaintiffs' residence: 1) the alleged duty to conduct the inspection competently can only be breached by a failure to adequately inspect the property; 2) the alleged duty to accurately document findings relates to the findings of the inspection; 3) the alleged duty to enforce air quality regulations can arise only once a violation is identified, in this case, through the

---

[2] Public entities like AQMD are also immune from vicarious liability for such inspections: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2(b).

[3] Despite allegations, as part of their negligence claim, that Defendants "intentionally withh[eld] public information," "alter[ed] official reports," and "refus[ed] to provide reasonable assistance to protect the health and safety of tenants," Plaintiffs identify no duty in connection with their negligence claim that would be violated by such allegations (assuming, arguendo only, that the allegations amounted to more than legal conclusions). Compl. ¶¶ 25-26.

**MOTION TO DISMISS COMPLAINT**

Halpern May Ybarra Gelberg

inspection; and 4) the alleged duty to protect tenants from known hazards applies only where a hazard is known—again, as a result of an inspection.[4]

The Complaint's Third Cause of Action, too, is partially barred by this immunity. As a basis for that claim, Plaintiffs allege the breached duties as "duties under ..., the Health and Safety Code governing asbestos regulation and hazardous material handling, and related administrative regulations," and claims those duties were breached by "fail[ure] to act on clear violations of environmental and housing safety laws." Compl. ¶¶ 30–31. These duties and breaches too (to the extent the Complaint identifies them, which it does not do sufficiently) would arise from an inspection's finding that contamination by asbestos or another hazardous material was present at the property. Absent an allegation that the inspection uncovered any such contamination, Plaintiffs' theory again appears to be that the inspection should have, but failed to, uncover such contamination, leading to an enforcement failure. Like the Second Cause of Action, this aspect of the Third Cause of Action should be dismissed because it relies on allegations that the Defendants' inspection of Plaintiffs' residence was inadequate or negligent. Cal. Gov't Code §§ 818.6, 821.4.

### G.   The California Tort Claims Act Immunizes AQMD Against Direct Monetary Liability for Plaintiffs' Second, Third, and Fifth Causes of Action

Insofar as Plaintiffs intend, with their Second, Third, and Fifth Causes of Action, to assert claims for damages against AQMD directly, rather than vicariously as Mr. Homsey's employer, AQMD is immune to those claims. "Public entities in

---

[4] Critically, Plaintiffs do *not* allege that the inspection in fact revealed a violation that would require enforcement action. Instead, as discussed above, they appear to allege that the harm arose because Defendants unnecessarily instructed Plaintiffs to vacate their residence. *See* Compl. ¶¶ 12–15; *see also id.* ¶ 22 (alleging "loss of housing" attributable to Defendants' actions, rather than attributable to contamination).

**MOTION TO DISMISS COMPLAINT**



California are not liable for tortious injury unless liability is imposed by statute." *San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*, 213 Cal. App. 4th 418, 427 (2013) (citing Cal. Gov't Code § 815). Plaintiffs offer no statutory authority for holding AQMD liable for money damages for any of these causes of action, and so those claims against AQMD should be dismissed.

### 1. The California Tort Claims Act Immunizes Defendants Against Liability for Discretionary Acts

Under California Government Code § 820.2, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." AQMD, too, is immune to direct and vicarious liability for such acts, absent clear statutory authority. Cal. Gov't Code §§ 815, 815.2(b). Plaintiffs' allegations, though unclear, appear to implicate such discretionary acts. Plaintiffs' state law claims allege that Defendants breached duties to conduct inspections competently, accurately document findings, enforce unspecified air quality regulations, protect tenants from known hazards, to comply with unspecified statutes, to disclose unspecified information, and to refrain intentionally or recklessly causing severe emotional distress. But (as discussed above) the Complaint does not allege facts establishing *which* acts breached these duties, or which statutes may provide for liability, leaving Defendants and the Court in the dark as to whether the acts complained of are discretionary.

### 2. Plaintiffs Fail to State a Claim Based on Alleged Misrepresentations

Plaintiffs' Fourth Cause of Action alleges that Defendants retaliated against Plaintiffs by, in part, "misrepresenting facts to third parties." Compl. ¶ 36. This claim is necessarily a claim for fraud, corruption, or actual malice: under California Government Code § 822.2, "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or



25

**MOTION TO DISMISS COMPLAINT**

not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." But such allegations must be pled with particularity. Fed. R. Civ. P. 9(b); *see also Lockhart v. Cnty. of Los Angeles*, No. CV 07-1680 ABC (PJWx), 2007 WL 9627609, at *12 (C.D. Cal. Oct. 16, 2007) (allegations of misrepresentation against government defendant protected by Cal. Gov't Code § 822.2 must satisfy Rule 9(b)). Plaintiffs have failed to allege fraud, corruption, or malice with particularity: they allege only that "Defendants, and each of them, engaged in acts including ... misrepresenting [unspecified] facts to [unspecified] third parties" in an unspecified manner, Compl. ¶ 36, and that Valerie Tomasovic (who has not been served and is not a movant here) "misrepresented [unspecified] documentation," again without specifying how or to whom. *Id.* ¶ 16. These vague and fact-free allegations fail to take the misrepresentations out of the scope of Section 822.2, and they fail to allege the misrepresentations with particularity. The retaliation claim should be dismissed insofar as it relies on allegations of misrepresentation.

## IV.   CONCLUSION

Defendant requests that the Court grant the Motion and dismiss the Complaint with prejudice.

DATED: August 8, 2025          HALPERN MAY YBARRA GELBERG LLP

By:          */s/ Kevin H. Scott*
                  KEVIN H. SCOTT

*Attorneys for Defendants SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and PETER HOMSEY*

**MOTION TO DISMISS COMPLAINT**



**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and PETER HOMSEY, certifies that this brief contains 5,768 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by Court order dated _____.

DATED: August 8, 2025          HALPERN MAY YBARRA GELBERG LLP

By:              */s/ Kevin H. Scott*
                    KEVIN H. SCOTT

*Attorneys for Defendants SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and PETER HOMSEY*

**MOTION TO DISMISS COMPLAINT**