JASON KONOPISOS
konopisos@yahoo.com
TARA NORRIS
tnorris98@yahoo.com
10625 Valley Spring Lane #107
Toluca Lake, CA 91602
Telephone: (310) 691-3097

Plaintiffs, Pro Se

FILED

CLERK, U.S. DISTRICT COURT

7/28/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____ang_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KONOPISOS and TARA NORRIS, individuals,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, a public agency; PETER HOMSEY, an individual; BRIAN TOMASOVIC, an individual; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No. 2:25-cv-05683 MCS (JPRx)<br><br>**PLAINTIFFS' PRO SE NOTICE OF MOTION AND MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)**<br><br>HEARING DATE: None Set<br>TIME: 9:00 AM<br>CTRM: 7C (7th Floor)<br>JUDGE: Hon. Mark C. Scarsi<br><br>Trial Date: None Set |

**NOTICE OF MOTION AND MOTION FOR INDICATIVE RULING PURSUANT TO FRCP**

**62.1 AND RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs pro se hereby move this Court pursuant to Federal Rule of Civil Procedure 62.1 for an **Indicative Ruling** stating that this Court would grant Plaintiffs' Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) [and Fed. R. Civ. P. 15(a)(2)], or that the motion raises a substantial issue, if the Court of Appeals remands for that purpose.

This Motion is based on this Notice, the Memorandum of Points and Authorities below, the accompanying Declaration of Plaintiff(s), **the Court's own record and ECF docket in this action,** and any further argument presented at or prior to the hearing on this matter. Pursuant to L.R. 7-3, Plaintiffs' attempted to met and conferred with opposing counsel on July 27, 2026, due to exigent appellate deadlines, Plaintiffs provided opposing counsel with an expedited window to respond; however, because opposing counsel previously stated he would not correspond with Plaintiffs and threatened sanctions against us as pro se litigants, Plaintiffs felt uncomfortable pursuing further direct communication and reasonably conclude based on the record that Defendants oppose all requests for relief..

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This action involves fundamental constitutional protections, due process, and vital public interests concerning fair housing and safe living conditions. Yet, on February 2, 2026, a final judgment of dismissal was entered (ECF No. 36) without these critical claims ever being adjudicated on their merits.

That dismissal was not caused by any fault of Plaintiffs, but by extraordinary circumstances: the gross negligence, affirmative misrepresentations, and total attorney abandonment committed by former counsel, Joseph Kellener. Among other severe breaches, former counsel failed to oppose

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

dispositive motions, suppressed essential inspection records, omitted core housing and constitutional claims from the pleadings, and actively concealed court orders from Plaintiffs. To prevent a manifest injustice and ensure matters of significant public and constitutional import are heard, Plaintiffs request an indicative ruling under Rule 62.1 stating that this Court would set aside the judgment pursuant to Rule 60(b)(6) upon remand from the Court of Appeals.

**II. STATEMENT OF FACTS**

1. **Entry of Judgment:** On February 2, 2026, this Court entered an order granting Defendants' Motion to Dismiss and dismissing Plaintiffs' action (ECF No. 36).

2. **Former Counsel's Gross Negligence and Abandonment:** Said dismissal was the direct result of egregious misconduct and complete abandonment by former counsel, Joseph Kellener, who:

   a. Utterly failed to file an Opposition to Defendants' Motion to Dismiss;

   b. Repeatedly failed to cure known pleading deficiencies despite multiple opportunities and court orders;

   c. Omitted core factual allegations, critical inspection/toxic exposure data, and primary legal claims, effectively misrepresenting and undermining Plaintiffs' actual operative complaint without Plaintiffs' knowledge or consent;

   d. Failed to convey court orders and critical deadlines to Plaintiffs, while actively concealing the court's rulings and improperly framing procedural defaults to Plaintiffs as "Judge's error"; and

   e. Failed to provide underlying court documents, discovery responses, and case files to Plaintiffs during the active litigation period.

3. **Discharge and Order 62:** Upon discovering counsel's severe misconduct and abandonment, Plaintiffs terminated Mr. Kellener on May 12, 2026. On July 24, 2026, this Court entered Order 62

3

granting former counsel's Motion to Withdraw (ECF No. 62), noting Plaintiffs are clear to seek affirmative relief pro se.

**4. Refusal to Turn Over Client File:** Following his discharge, former counsel has continuously failed and refused to surrender Plaintiffs' complete, native, verified client case file and work product, thereby perpetuating prejudice against Plaintiffs and obstructing their ability to protect their legal rights.

**III. LEGAL STANDARD**

**A. Indicative Ruling under Rule 62.1**

Because an appeal of the underlying judgment is pending, this Court lacks jurisdiction to grant a Rule 60(b) motion outright. However, under **Fed. R. Civ. P. 62.1(a)**, when a timely motion is made for relief that the district court lacks authority to grant due to a pending appeal, the court may:

1. Defer considering the motion;

2. Deny the motion; or

**3. State either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.**

**B. Relief from Judgment under Rule 60(b)(6) & The Tani Standard**

Under **Fed. R. Civ. P. 60(b)(6)**, a court may relieve a party from a final judgment for "any other reason that justifies relief." Rule 60(b)(6) serves as a "grand reservoir of equitable power" to prevent manifest injustice and requires a showing of "extraordinary circumstances."

While an attorney's ordinary negligence or tactical errors are generally imputed to the client under Rule 60(b)(1), the Ninth Circuit explicitly established in **Community Dental Servs. v. Tani, 282 F.3d 1164, 1169–70 (9th Cir. 2002) that an attorney's gross negligence constitutes an "extraordinary circumstance" warranting relief under Rule 60(b)(6).**

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

Under Tani, attorney gross negligence exists where counsel's conduct results in a **"de facto conversion of claims" or virtual abandonment,** demonstrably depriving the client of their day in court (id. at 1170–71).

**IV. ARGUMENT**

**A. Former Counsel's Misconduct Amounts to Gross Negligence and Abandonment Under Tani**

Former counsel's failures go far beyond excusable neglect or poor litigation strategy; they constitute complete attorney abandonment.

1. **Virtual Abandonment**: Counsel failed to file an opposition to a dispositive motion and failed to cure known pleading defects. Under Tani, explicitly failing to oppose dispositive motions or fulfill basic pleading requirements constitutes gross negligence rather than ordinary neglect (Tani, 282 F.3d at 1170).

2. **Misrepresentation of Core Claims**: Counsel unilaterally gutted Plaintiffs' case by failing to plead core facts—such as critical inspection records and toxic exposure data—and omitting primary causes of action. This unauthorized alteration of the lawsuit deprived Plaintiffs of control over their case and altered the very nature of the claims before the Court.

3. **Concealment and Misrepresentation**: Counsel actively misled Plaintiffs regarding the status of the case, framing his procedural defaults as "Judge's error" and concealing adverse rulings. Such deception breaks the agency relationship between attorney and client (Tani, 282 F.3d at 1171).

**B. Plaintiffs Processed Their Claims Diligently Upon Discovery**

Plaintiffs did not sleep on their rights. Immediately upon discovering counsel's abandonment and misrepresentations, Plaintiffs terminated former counsel, notified the Court, obtained an order permitting counsel's withdrawal (ECF No. 62), and moved for relief pro se. Plaintiffs are severely

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

prejudiced by former counsel's continued refusal to surrender the complete client file, but have acted with utmost diligence under the circumstances.

**C. Relief is Necessary to Prevent Manifest Injustice**

Rule 60(b)(6) is designed precisely for cases like this, where a faultless client is stripped of their day in court due to extraordinary misconduct by an officer of the court. Setting aside the dismissal will allow this case to be decided on its actual legal and factual merits rather than on procedural defaults caused by abandoned counsel.

The Court May Take Judicial Notice of Its Own Docket Demonstrating Counsel's Inaction Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of its own records and court dockets. Here, former counsel's gross negligence and abandonment are plainly established on the face of the record:

1. Failure to Oppose Dispositive Motions: The record reflects that former counsel failed to file an Opposition to Defendants' Motion to Dismiss (ECF No. 31), leading directly to the Court's entry of dismissal (ECF No. 36).

2. Failure to Cure Deficiencies: The docket demonstrates a clear pattern of failing to comply with court-ordered deadlines or cure known pleading deficiencies (ECF Nos. 17, 44, 46).

3. Motion to Withdraw: The Court's own Order (ECF No. 62) acknowledged the breakdown of the representation and granted former counsel's withdrawal, clearing Plaintiffs to seek affirmative relief pro se. Because these failures are matters of record in this exact proceeding, Plaintiffs need not rely on extrinsic evidence to establish former counsel's abandonment under Tani.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an **Indicative Ruling under Fed. R. Civ. P. 62.1** stating that:

6

The Court **would grant** Plaintiffs' Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) if the Court of Appeals remands the action for that purpose; OR

Plaintiffs' Motion raises a **substantial issue**.

Respectfully submitted,

Date: July 28, 2026

Jason Konopisos, Pro Se

Tara Norris, Pro Se

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

**DECLARATION OF JASON KONOPISOS IN SUPPORT OF MOTION**

I, JASON KONOPISOS, declare as follows:

1. I am a Plaintiff pro se in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2. On February 2, 2026, judgment was entered dismissing this action (ECF No. 36). At that time, Plaintiffs were represented by former counsel, Joseph Kellener.

3. Former counsel never informed me that he failed to file an Opposition to Defendants' Motion to Dismiss (ECF No. 31), nor that he failed to comply with court directives to cure pleading deficiencies (e.g., ECF Nos. 17, 44, 46). Instead, former counsel concealed these defaults and explicitly told me that any delays or issues were due to "Judge's error."

4. Former counsel omitted core factual background—including critical inspection records and toxic exposure data—and primary causes of action regarding housing and constitutional due process violations without my knowledge, authorization, or consent.

5. Former counsel routinely withheld court notices, orders, and discovery documents from Plaintiffs during the course of the litigation.

6. When Plaintiffs confronted former counsel and specifically requested that he file a Rule 60(b) motion to seek relief from the dismissal and save the case, former counsel took prompt action without our consultation or approval. Instead of addressing the Rule 60(b) request, he filed an ill-formed Notice of Appeal (ECF No. 37), refused to explain the legal basis or strategy for doing so, and immediately demanded a $650 filing fee from us. This unauthorized action was taken to mask his prior defaults rather than follow our direct instructions.

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF
FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

7. Immediately upon discovering former counsel's severe misconduct and abandonment, Plaintiffs terminated Mr. Kellener on May 12, 2026. This Court formally granted his withdrawal on July 24, 2026 (ECF No. 62).

8. Despite repeated demands following his discharge, former counsel has failed and refused to surrender Plaintiffs' complete, native, verified client file and work product, severely prejudicing our ability to proceed.

9. DECLARATION OF L.R. 7-3 MEET-AND-CONFER COMPLIANCE I, Jason Konopisos, declare under penalty of perjury as follows:

1. On July 27, 2026, we contacted opposing counsel, Kevin H. Scott, via email to meet and confer regarding Plaintiffs' intent to file this Motion for Indicative Ruling pursuant to Fed. R. Civ. P. 62.1 and Fed. R. Civ. P. 60(b)(6).

2. Due to Plaintiffs' pro se status, the exigent timing of the proceedings, and prior hostile communications/threats of sanctions from counsel regarding direct contact, Plaintiffs initiated and conducted this meet-and-confer in writing via email on July 27, 2026 in order to ensure a clear, objective record for the Court.

3. During this conference, I explained the substance of the motion and the grounds for relief sought.

4. Due to exigent appellate deadlines, Plaintiffs provided opposing counsel with an expedited window to respond; however, because opposing counsel previously stated he would not correspond with Plaintiffs and threatened sanctions against us as pro se litigants, Plaintiffs felt uncomfortable pursuing further direct communication and reasonably conclude based on the record that Defendants oppose all requests for relief.

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

5. The parties were unable to resolve the dispute informally, necessitating the filing of this Motion.

6. EXIGENT TIMING / GOOD CAUSE FOR IMMEDIATE FILING: Plaintiffs face severe, irreparable procedural prejudice due to the imminent deadline to file their Opening Brief before the Ninth Circuit Court of Appeals (Case No. 26-2117). Every day spent waiting, while former counsel continuously fails and refuses to surrender Plaintiffs' complete, native client file, consumes critical appellate time. Waiting a full 7 days after written notification before seeking Rule 62.1 indicative relief would severely compromise Plaintiffs' ability to manage their pending appellate briefing schedule and protect their constitutional rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2026, at Toluca Lake, CA.

_____

JASON KONOPISOS, Declarant Pro Se

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

**DECLARATION OF TARA NORRIS IN SUPPORT OF MOTION**

I, TARA NORRIS, declare as follows:

1. I am a Plaintiff pro se in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2. On February 2, 2026, judgment was entered dismissing this action (ECF No. 36). At that time, Plaintiffs were represented by former counsel, Joseph Kellener.

3. Former counsel never informed me that he failed to file an Opposition to Defendants' Motion to Dismiss (ECF No. 31), nor that he failed to comply with court directives to cure pleading deficiencies (e.g., ECF Nos. 17, 44, 46). Instead, former counsel concealed these defaults and explicitly told me that any delays or issues were due to "Judge's error."

4. Former counsel omitted core factual background—including critical inspection records and toxic exposure data—and primary causes of action regarding housing and constitutional due process violations without my knowledge, authorization, or consent.

5. Former counsel routinely withheld court notices, orders, and discovery documents from Plaintiffs during the course of the litigation.

6. When Plaintiffs confronted former counsel and specifically requested that he file a Rule 60(b) motion to seek relief from the dismissal and save the case, former counsel took prompt action without our consultation or approval. Instead of addressing the Rule 60(b) request, he filed an ill-formed Notice of Appeal (ECF No. 37), refused to explain the legal basis or strategy for doing so, and immediately demanded a $650 filing fee from us. This unauthorized action was taken to mask his prior defaults rather than follow our direct instructions.

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF
FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)

7. Immediately upon discovering former counsel's severe misconduct and abandonment, Plaintiffs terminated Mr. Kellener on May 12, 2026. This Court formally granted his withdrawal on July 24, 2026 (ECF No. 62).

8. Despite repeated demands following his discharge, former counsel has failed and refused to surrender Plaintiffs' complete, native, verified client file and work product, severely prejudicing our ability to proceed.

9. DECLARATION OF L.R. 7-3 MEET-AND-CONFER COMPLIANCE I, Tara Norris, declare under penalty of perjury as follows:

1. On July 27, 2026, we contacted opposing counsel, Kevin H. Scott, via email to meet and confer regarding Plaintiffs' intent to file this Motion for Indicative Ruling pursuant to Fed. R. Civ. P. 62.1 and Fed. R. Civ. P. 60(b)(6).

2. Due to Plaintiffs' pro se status, the exigent timing of the proceedings, and prior hostile communications/threats of sanctions from counsel regarding direct contact, Plaintiffs initiated and conducted this meet-and-confer in writing via email on July 27, 2026 in order to ensure a clear, objective record for the Court.

3. During this conference, I thoroughly explained the substance of the motion and the grounds for relief sought.

4. Counsel for Defendants stated that Defendants oppose the Motion and will not stipulate to the relief requested.

5. The parties were unable to resolve the dispute informally, necessitating the filing of this Motion.

6. EXIGENT TIMING / GOOD CAUSE FOR IMMEDIATE FILING: Plaintiffs face severe, irreparable procedural prejudice due to the imminent deadline to file their

Opening Brief before the Ninth Circuit Court of Appeals (Case No. 26-2117). Every day spent waiting, while former counsel continuously fails and refuses to surrender Plaintiffs' complete, native client file, consumes critical appellate time. Waiting a full 7 days after written notification before seeking Rule 62.1 indicative relief would severely compromise Plaintiffs' ability to manage their pending appellate briefing schedule and protect their constitutional rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2026, at Toluca Lake, CA.

_____

TARA NORRIS, Declarant Pro Se

PLAINTIFFS' PRO SE MOTION FOR INDICATIVE RULING PURSUANT TO FRCP 62.1 AND FOR RELIEF FROM JUDGEMENT PURSUANT TO FRCP 60(b)(6)