UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-05683-MCS-JPR** | Date | August 3, 2026 |
| Title | ***Konopisos v. S. Coast Air Quality Mgmt. Dist.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION FOR INDICATIVE RULING AND FOR RELIEF FROM JUDGMENT (ECF NO. 63), ORDER TO SHOW CAUSE, AND ORDER RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Plaintiffs Jason Konopisos and Tara Norris, self-represented litigants, filed a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 "stating that this Court would grant Plaintiffs' Motion for Relief from Judgment . . . , or that the motion raises a substantial issue." (Mot. 2, ECF No. 63.) The Court deems the motion appropriate for decision without further briefing or oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motion for failure to comply with the local rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Plaintiffs failed to set a date for the motion hearing. C.D. Cal. Rs. 6-1, 7-4. In addition, the motion fails to comply with the prefiling conference requirement. Counsel or litigants contemplating the filing of any motion must conduct a conference "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion," and submit "a declaration, under penalty of

perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* R. 7-3.

Here, Plaintiffs submit that, on the day before they filed the motion, they contacted Defendants' counsel by email to discuss the contemplated motion. (*See* Konopisos Decl. ¶ 9(1), ECF No. 63; Norris Decl. ¶ 9(1), ECF No. 63.) However, the Court is unable to ascertain whether any prefiling conference occurred because of material discrepancies between Mr. Konopisos's and Ms. Norris's declarations. While both Plaintiffs aver that they "initiated and conducted this meet-and-confer in writing via email" on July 27, (Konopisos Decl. ¶ 9(2), Norris Decl. ¶ 9(2)), Mr. Konopisos submits that "because opposing counsel previously stated he would not correspond with Plaintiffs and threatened sanctions against [them] as pro se litigants, Plaintiffs felt uncomfortable pursuing further direct communication and reasonably conclude based on the record that Defendants oppose all requests for relief." (Konopisos Decl. ¶ 9(4).) Ms. Norris, by contrast, submits that "[c]ounsel for Defendants stated that Defendants oppose the Motion and will not stipulate to the relief requested." (Norris Decl. ¶ 9(4).) Given the differences between the declarations, the Court cannot determine whether Plaintiffs actually ascertained Defendants' position prior to filing the motion.

Even crediting either declaration's averments, several deficiencies remain. Email correspondence is insufficient to comply with the prefiling conference requirement; parties must confer in person, by telephone, or via video conference. In addition, the conference must occur at least seven days prior to the filing of the motion. To the extent that Plaintiffs seek exigent relief and would suffer irreparable harm from filing a regularly noticed motion, Plaintiffs must seek relief in an ex parte application that complies with the Federal Rules of Civil Procedure and the local rules governing ex parte applications.

The motion is denied.

Although Plaintiffs are proceeding pro se, they still must abide by the Federal Rules of Civil Procedure. By presenting a motion or declaration to the Court, Plaintiffs certify "that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Here, Plaintiffs' respective declarations concerning their purported prefiling conference appear to be irreconcilable. Accordingly, the Court orders Plaintiffs to show cause why the

declarations submitted in support of their motion did not violate Rule 11(b). Plaintiffs shall respond in writing within seven days of entry of this Order. Failure to file a timely response will result in sanctions without further notice.

Lastly, the Court suspects that Plaintiffs may have prepared the motion and declarations with the assistance of a generative artificial intelligence service. Henceforth, any party to this proceeding that uses a generative artificial intelligence platform (*e.g.*, ChatGPT, Claude, Gemini, Copilot, Harvey, Protégé, and CoCounsel) ("Generative AI") in connection with a filing in this matter must attach to the subject filing a separate declaration disclosing the use of Generative AI and certifying that the filer, in the exercise of the filer's independent legal judgment, has reviewed and verified the content of the filing as accurate and in compliance with Federal Rule of Civil Procedure 11. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. The Court warns that a party who presents to the Court a pleading, written motion, or other paper incorporating inaccurate or undeclared Generative AI outputs may be subject to sanctions without further warning.

**IT IS SO ORDERED.**